FILED

12 SEP 12 AM 9:55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ⟨signature⟩  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA SALVADOR,<br>Detainee #A200948077,<br><br>                          Plaintiff,<br>vs.<br><br>OFFICER PEREZ,<br><br>                          Defendant. | Case No.   12cv1726 BEN (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT**<br><br>[ECF No. 7] |

### I. PROCEDURAL HISTORY

Amina Salvador ("Plaintiff"), currently detained at the San Diego Detention Center ("SDDC") in San Diego, California, as a result of ongoing immigration and deportation proceedings, is proceeding pro se in this civil rights action, which she initiated pursuant to 42 U.S.C. § 1983. At the time she filed her Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, she filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], as well as a Motion to Appoint Counsel [ECF No. 3].

On August 6, 2012, the Court granted Plaintiff's IFP Motion, but denied her Motion to Appoint Counsel and dismissed her Complaint as frivolous and/or for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2). *See* Aug. 6, 2012 Order [ECF No. 5]. To the extent her

pleading suggested, and might be liberally construed as, an attempt to challenge the constitutional validity of the conditions of her confinement at the SDDC, Plaintiff was granted 45 days leave to amend. *Id.* at 4-6; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." (citations omitted)).

On August 30, 2012, Plaintiff filed a Motion requesting an extension of time in which to file her Amended Complaint. *See* Pl.'s Mot. [ECF No. 7]. Plaintiff claims she has limited access to the law library, but that she hopes to further research the cases cited in the Court's August 6, 2012 Order so that she may be able to cite an "arguable basis in law" and allege further facts in support of her claims. *Id.* at 1. Thus, Plaintiff asks for additional time in which to "sit in with a lawyer who has agreed to give [her] some advice," access the library, and conduct the research necessary to amend her pleading. *Id.* at 1-2.

## II. STANDARD OF REVIEW

This is Plaintiff's first request for an extension of time, and she is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements"). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

## III. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that:

1) Plaintiff's Motion for an Extension of Time to Amend [ECF No. 7] is GRANTED. Plaintiff's Amended Complaint, should she elect to file one, must be received by the Court no

later than **Monday, November 5, 2012.** Plaintiff is cautioned, however, that her Amended Complaint must address all the deficiencies of pleading previously identified in the Court's August 6, 2012 Order [ECF No. 5], and must be complete in itself without reference to her original Complaint. *See* S.D. CAL. CIV. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

2)  If Plaintiff elects *not* to file an Amended Complaint by November 5, 2012, this case shall remain dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) without any further Order of the Court.

DATED: 9/12/2012

HON. ROGER T. BENITEZ
United States District Judge

-3-

12cv1726 BEN (NLS)